JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JUAN CARRANZA, | Case No. 2:20-04118 CAS (ADS) |
|---|---|
| Petitioner, | |
| v. | ORDER DISMISSING SECOND OR SUCCESSIVE FEDERAL HABEAS PETITION AND DENYING CERTIFICATE OF APPEALABLITY |
| RICK HILL, Warden, | |
| Respondent. | |

    Before the Court is Petitioner Juan Carranza's third attempt to challenge his 2005 state conviction and sentence through a federal habeas petition. [Dkt. No. 1]. The Ninth Circuit Court of Appeals denied Petitioner's two applications for authorization to file a second or successive federal habeas petition. As a result, this Court lacks jurisdiction. The petition must be dismissed.

**I.**    **RELEVANT PRIOR PROCEEDINGS**

    In 2005, Petitioner was convicted of first-degree murder in violation of California Penal Code § 187 and sentenced to a term of fifty years to life in custody, Los Angeles

Superior Court Case No. BA258968. [Dkt. No. 1, p. 2].[1] On direct review, the California Court of Appeal affirmed the conviction, Case No. B186616, and the California Supreme Court summarily denied review, Case No. S146490. See California Appellate Courts Case Information 2nd Appellate District, http://appellatecases.courtinfo.ca.gov, (Trial Court case number BA258968).[2] Subsequently, Petitioner filed at least five separate state petitions for writ of habeas corpus in the state courts. See id. (listing Case Nos. B210244, B266517, B268760, B291418, and B304552). The state courts denied each of Petitioner's state habeas petitions. See id.

On September 9, 2010, Petitioner constructively filed a federal petition for writ of habeas corpus in this Court ("2010 Petition"). Carranza v. McEwen, Case No. 2:10-06772 CAS (VBK), [Dkt. No. 1]. On August 12, 2011, the Court found that Petitioner's grounds for relief were untimely and unexhausted, dismissed the 2010 Petition with prejudice, and declined to issue a certificate of appealability. Id., [Dkt. No. 18]. Thereafter, the Ninth Circuit Court of Appeals denied Petitioner's Application for Certificate of Appealability. Id., [Dkt. No. 24].

On January 3, 2019, Petitioner filed a second federal petition for writ of habeas corpus in this Court ("2019 Petition"). Carranza v. Hill, Case No. 2:19-00037 CAS

---

[1] All citations to electronically-filed documents refer to the CM/ECF pagination

[2] Where necessary, the Court takes judicial notice of the public records. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 11 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

1  (ADS), [Dkt. No. 1].  On March 26, 2019, this Court dismissed the 2019 Petition as a
2  second or successive federal habeas petition, without prejudice to filing a new action if
3  Petitioner obtained permission to file a successive petition.  Id., [Dkt. No. 5].  On
4  January 24, 2020, the Ninth Circuit denied Petitioner's request for a certificate of
5  appealability.  Id., [Dkt. No. 14].
6          On July 5, 2019, Petitioner filed an Application for Leave to File a Second or
7  Successive Petition with the Ninth Circuit.  Carranza v. Hill, Case No. 19-71695 (9th
8  Cir.), [Dkt. No. 1].  On August 22, 2019, the Ninth Circuit denied the Application, ruling,
9  "The applicant has not made a prima facie showing under 28 U.S.C. § 2244(b)(2) . . . .
10 Any pending motions are denied as moot.  No further filings will be entertained in this
11 case."  Id., [Dkt. No. 3].
12         On February 14, 2020, Petitioner filed a second Application for Leave to File a
13 Second or Successive Petition with the Ninth Circuit.  Carranza v. Hill, Case No. 20-
14 70406 (9th Cir.), [Dkt. No. 1].  On March 9, 2020, the Ninth Circuit denied that
15 application for the same reason.  Id., [Dkt. No. 2].

16 **II.    THE PETITION IS DISMISSED AS SECOND OR SUCCESSIVE**

17         A district court lacks jurisdiction to consider the merits of a second or successive
18 petition absent prior authorization from the Circuit court.  Burton v. Stewart, 549
19 U.S. 147, 152-53, 157 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir., 2001),
20 cert. denied, 538 U.S. 984 (2003).  Before a second or successive petition may be filed,
21 the petitioner must first obtain the Ninth Circuit Court of Appeals' authorization.  See
22 28 U.S.C. § 2244(b)(3)(A).
23         Petitioner is challenging the same 2005 first-degree murder conviction and
24 sentence as the previous 2010 and 2019 Petitions.  Compare [Dkt. No. 1, p. 2] with

1  Carranza v. McEwen, Case No. 2:10-6772 CAS (VBK), [Dkt. No. 1, p. 3], and Carranza v.
2  Hill, Case No. 2:19-00037 CAS (ADS), [Dkt. No. 1, p. 2].  The 2010 Petition was
3  dismissed with prejudice as untimely and unexhausted.  Carranza v. McEwen, Case
4  No. 2:10-06772 CAS (VBK), [Dkt. No. 18].  That dismissal with prejudice constituted a
5  decision on the merits and renders subsequent petitions successive under AEDPA.
6  See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009).  Petitioner has submitted
7  a copy of the exact same petition he filed in 2019, which was dismissed as successive
8  under 28 U.S.C. § 2244(b).  The Ninth Circuit denied Petitioner's two applications to
9  obtain authorization to file a second or successive federal habeas petition.  As such, this
10 Court does not have jurisdiction to review the instant petition.  Accordingly, the petition
11 is dismissed without prejudice.

12 **III.    CERTIFICATE OF APPEALABILITY**

13        The Court further finds that Petitioner has not made a substantial showing of the
14 denial of a constitutional right or that the Court erred in its procedural ruling and,
15 therefore, a certificate of appealability will not issue in this action.  See 28 U.S.C.
16 § 2253(c)(2); Fed. R. App. P. 22(b); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003);
17 Slack v. McDaniel, 529 U.S. 473, 484 (2000).

18        **IT IS SO ORDERED.**

19

20 Dated:  May 12, 2020
                                            THE HONORABLE CHRISTINA A. SNYDER
21                                          United States District Judge

22 Presented by:

23     /s/ Autumn D. Spaeth
   THE HONORABLE AUTUMN D. SPAETH
24 United States Magistrate Judge

4